THE UNION BANK OF MARYLAND, *vs.* DEBORAH COCHRAN, *et al.*
*June* 1835.

The notes of A & Co. were discounted at the Union Bank, for the accommodation of B and C, the endorsers. The real estate of B, one of the partners, was sold after his death by decree of Chancery, upon the ground, that the partnership property was insufficient to pay the partnership debts. The bank retained in part payment of her claim, a sum of money standing on her books, to the credit of B and C in account; she received also another sum from the

executors of C, arising from the proceeds of land which he had pledged for B and C's debt; and another sum from A & Co, and she claimed a dividend upon the balance of her debt out of the proceeds of B's real property rateably, with other creditors. HELD, that in striking a dividend, it was error in the court of Chancery to consider the payments retained by, or made to the bank, (as from the assets of B's estate,) or to exclude her upon the ground, that those sums amounted to more than a dividend upon B's real assets.

Where the legal sufficiency of the evidence of a claim of a creditor, filed with the auditor for the purpose of procuring a dividend out of the proceeds of real estate, sold for payment of debts, was not excepted to in the court of Chancery, that question will not be examined upon appeal.

APPEAL from the court of CHANCERY.

On the 18th of March 1820, a bill was filed on the equity side of *Baltimore* County court, by a creditor of the late firm of *Cochran & Comegys*, consisting of *William Cochran*, and *John G. Comegys*, for the sale of the real estate of the former, then deceased, upon the allegation, that the assets of the partnership, in the hands of the surviving partner, were inadequate to pay the partnership debts.

Upon this bill, the real estate of *Cochran* was ordered to be sold. A sale was accordingly made, and the proceeds brought into court for distribution among those who might be entitled.

The case was then referred to the auditor of *Baltimore* County court, who stated an account, from which the claim of the appellant was rejected, upon the ground, as stated by that officer, that the fund would not give to the remaining creditors, a dividend equal to that which had been received by the bank. The payments so received by the bank, consisted of cash on deposit to the credit of *Cochran & Comegys*, on the 21st of March 1820, and the sum of $1060, which appeared to have been paid 22d September 1820, by one of the executors of *Comegys*, the surviving partner, (who died pending the suit) out of the proceeds of certain real estate, his individual property, which had been pledged by him for that purpose. These two sums, the cash on deposit, and the payment by *Comegys'* executor, the bank applied to the satisfaction *pro tanto*, of its claim; which was founded on a judgment against the survivor of the firm, rendered upon

promissory notes discounted by the bank, for the accommo-
dation of the partners.

Before the final action of *Baltimore* County court, upon
this report of the auditor, the case was transferred to the
court of Chancery, upon the suggestion of the appellant.

Afterwards, on the 6th of February 1832, the case having
been submitted to *Bland,* Chancellor, on notes by the solici-
tors, by his order of that day, the objections of the auditor to
the allowance of the claim of the appellant were sustained,
and the case referred to the auditor of the court of Chancery,
with directions to state an account accordingly.

In obedience to this order, the auditor stated an account,
excluding the appellant's claim, and dividing the fund for
distribution, among the other creditors of *Cochran & Comegys.*

The exceptions of the bank to this account, were after-
wards, on the 12th of November 1833, overruled by the
Chancellor; the account ratified; and the trustees directed to
apply the fund accordingly. From this decree, the bank
prosecuted an appeal to the Court of Appeals.

The cause was argued before STEPHEN, ARCHER, DORSEY,
and CHAMBERS, Judges.

JOHNSON and KENNEDY, for the appellants, contended,

1. That in equity, the bank was entitled to prove her debt
against the partnership, as it existed, when the private estate
of *William Cochran* was rendered subject to the partnership
creditors, and that as no objection was made in the court of
Chancery, by the auditor, or any of the parties, to the suffi-
ciency of the proof of the claim, it is to be regarded in this
court as fully proved. *Maccubbin vs. Cromwell,* 2 *Harr. and
Gill* 458. If the proof of the claim was intended to be
questioned, it should have been objected to by an exception.
Act 1825, ch. 117, sec. 3; 1832, ch. 302, sec. 5.

2. The payments made to the bank, were not derived from
the assets for distribution. They did not diminish those assets,
and of course, could not affect the distributive shares of the

other creditors. They were derived from sources not accessible to the other creditors, and by diminishing the appellants claim, and consequently her share of the fund for distribution, operates to their benefit, rather than injury. These sums therefore, are to be regarded as payments, and not as dividends out of the assets for distribution. *Ex parte D' Oliviera*, 8 *Ves.* 84. *Ex parte Bennett*, 2 *Atk.* 526. *McDermutt vs. Strong*, 4 *Johns. Ch. R.* 691.

John Scott for the appellees, insisted,

1. That the legal, as well as the equitable rule is, that when an estate is insolvent, the assets shall be distributed *pro rata* amongst the creditors of equal degree, and that the appellants claim is of no higher dignity, in consequence of their judgment against the surviving partner. They are still only on a footing with the other creditors, in reference to the partnership effects, or the assets of the private estate of *Cochran*. *Ward vs. Howell, et al*, 5 *H. and J.* 60.

2. The principle is also well established, that whenever there has been a distribution of a fund, in which a party had an interest, but in which he had not participated, that in the distribution of a second fund, of the same character; he who was excluded from the first distribution, shall be compensated out of the second, and this principle is applicable to the present case. *Cases, Tem. Talb.* 220. *Wilder vs. Keeler*, 3 *Paige* 167.

3. The bank having from other funds applicable to the partnership engagements, received more than her full dividend of the whole assets, is not, upon the principle above stated, entitled to participate in this fund.

4. There is no evidence of any claim, on the part of the bank, against the estate of *William Cochran*

Stephen, Judge delivered the opinion of the court.

In this case, upon the petition of a creditor of the firm of *Cochran & Comegys*, the real estate of *William Cochran*, one of the partners, was sold after his death, upon the ground

charged in the bill, that the partnership property was insufficient to pay the partnership debts. The *Union Bank of Maryland*, was a creditor of the firm, upon judgment obtained against *Comegys* the surviving partner, to the amount of $22,500. The debt was originally due upon sundry promissory notes drawn by *Comegys, Falconer and Company*, for the accommodation of *Cochran & Comegys*, and discounted by said bank. Before the distribution of the fund raised by the sale of the real estate, the *Union Bank of Maryland* exhibited a short copy of their judgment, claiming a dividend of the proceeds of sale. The auditor rejected the claim, upon the ground, that the *Union Bank of Maryland*, as a creditor of *Cochran & Comegys*, had already received out of the assets, dividends to a larger amount than her due proportion. To this report of the auditor, disallowing her claim to a dividend, the bank excepted. The Chancellor passed an order overruling the exceptions, from which an appeal has been taken to this court.

This court are of opinion, that there is error in the decision of the court below, rejecting the claim of the bank to a dividend.

Several of the items contained in the account of payments exhibited by the bank, to the auditor, and which were considered by him as dividends, were not, we think, of that character. They were manifestly payments made, not out of the assets, because the face of the accounts shew, that they were derived from other sources. The sum of $3877,44, with interest, standing to the credit of *Cochran & Comegys* in bank, we think the bank had a right to retain in part payment of her claim; because if suit had been instituted for the recovery of that sum, the bank could have successfully resisted the recovery of it, upon the ground of a right of retainer, she being at the time a creditor of *Cochran & Comegys* to a larger amount.

The sum of $1060, appears to have been paid, by one of the executors of *John G. Comegys*, and is stated in the account of the bank, (which not being excepted to is evidence) as

being the proceeds of sale of a lot of ground of said *Comegys*, and which was appropriated, or pledged by him to the payment of the bank's claim in his life time. The sum of $3500 was paid by *Cornelius Comegys & Company*, the drawers of the note, according to their contract with the bank, and of course, cannot be considered, as a dividend of the assets of *Cochran & Comegys*.

We consider, that there was sufficient evidence of the claim of the bank before the auditor, the same not being excepted to, or put in issue. The right of the bank to a dividend, was alone contested, not the legal sufficiency of the evidence to prove her demand.

We are therefore of opinion, that the order of the Chancellor, overruling the exceptions of the *Union Bank* to the auditors report, and confirming the same, was erroneous, and ought to be reversed.

*The decree was accordingly reversed with costs to the appellant in both courts, and the case referred to the auditor of the court of Chancery, with directions to state an account, in conformity with this opinion, which account, was subsequently ratified and confirmed by this court.*